**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **RAYSHANA ADAMS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | Case No. 4:14CV762 |
| | § | |
| **MCKINNEY INDEPENDENT** | § | |
| **SCHOOL DISTRICT and** | § | |
| **LINDA TRUJILLO** | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Plaintiff Rayshana Adams' Motion for Remand to State Court (Dkt.

45). Having reviewed the record before it, the Court finds that the motion should be DENIED.

In her motion to remand, Plaintiff seeks remand of this case to state court, arguing that since

the removal of her complaint, all federal claims have been removed and the Court lacks jurisdiction

of her remaining state law claims. Defendants oppose the remand.

It is undisputed that Plaintiff's claims under 42 U.S.C. § 1981 gave rise to federal question

jurisdiction. Therefore, at the time of removal, this Court had jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367's supplemental jurisdiction provisions. 28 U.S.C. § 1367 ("in

any civil action of which the district courts have original jurisdiction, the district courts shall have

supplemental jurisdiction over all other claims that are so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy under Article II of the United

States Constitution.").

The fact that Plaintiff has abandoned her federal claims does not in and of itself destroy jurisdiction here as Plaintiff has claimed. It is well settled that "a plaintiff's voluntary amendment to a petition after removal to eliminate the federal claim upon which removal was based does not defeat federal jurisdiction." *Henry v. Independent Am. Sav. Ass'n,* 857 F. 2d 995, 998 (5th Cir. 1988) (*Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 (5th Cir.1985)). *See also Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed.2d 720 (1988); *Doucet v. State Farm Fire & Cas. Co.*, 2009 WL 3157478, 4 (E.D. Tex. 2009).

Nonetheless, this Court "has discretion to remand a case where the removal was based upon a claim later abandoned, despite the pendency of federal claims in the principal action." *In re Wilson Indus., Inc.*, 886 F.2d 93, 95 (5th Cir. 1989). And, as noted by United States Supreme Court:

> With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. *See* §§ 1367(a), (c) ... ***As a result, "the [district] court's exercise of its discretion under § 1367(c) is not a jurisdictional matter.*** Thus, the court's determination may be reviewed for abuse of discretion, but may not be raised at any time as a jurisdictional defect." 16 J. Moore et al., *Moore's Federal Practice* § 106.05[4], p. 106-27 (3d ed. 2009).

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866-67, 173 L. Ed.2d 843 (2009). Accordingly, although the initial removal was proper, the Court may still consider remand now.

In exercising its discretion, the Court considers principles in forming the pendent jurisdiction doctrine: economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed.2d 720 (1988); *see also Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 572 (5th Cir. 2006).

2

In her one-page motion, Plaintiff has offered no argument under any of these factors to show why the Court should not exercise supplemental jurisdiction over her remaining claims. Defendants, on the other hand, have shown why each factor weighs against remand.

Plaintiff amended her complaint to drop her federal question claims more than six months after removal and did not file her motion to remand until more than three months after that. As noted by Defendants, Plaintiff did not raise the matter of remand in the joint Rule 26f report submitted by the parties. And, the case has been pending in this Court for more than a year with significant docket activity by all parties and the Court. Although this District's dockets are heavily burdened, it would not be fair or efficient to now allow Plaintiff to return back to state court as a result of an amendment made more than six months after first appearing in this Court and almost two years after filing suit.

Therefore, the Court finds that Plaintiff Rayshana Adams' Motion for Remand to State Court (Dkt. 45) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140,

148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    **SIGNED this 28th day of January, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE