IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

RAYSHANA ADAMS §
 §
    Plaintiff, §
 §
VS. § Case No. 4:14CV762
 §
MCKINNEY INDEPENDENT §
SCHOOL DISTRICT and §
LILIANA TRUJILLO §
 §
    Defendants. §

# REPORT AND RECOMMENDATION OF
# UNITED STATES MAGISTRATE JUDGE

Pending before the Court is MISD's Second Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and for Judgment on the Pleadings (Dkt. 31). As set forth below, the Court finds that motion should be GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff Adams is an African-American female who is employed by Defendant McKinney ISD ("MISD"). In her amended complaint, Plaintiff asserts the following claims against MISD: (1) race discrimination/racial harassment in violation of Tex. Lab. Code 21.051, 21.55 ("TCHRA"); (2) hostile work environment; and (3) retaliation. *See* Dkt. 26.[1] Plaintiff also seeks an award of

---

[1] Plaintiff's live complaint removes the federal claims over which this Court had removal jurisdiction. The Court continues to exercise supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. §1367.

1

exemplary damages.[2]

In its motion to dismiss, Defendant MISD makes the following arguments: (1) Plaintiff has failed to allege a viable race discrimination claim against MISD; (2) Plaintiff has failed to allege a viable hostile environment claim against MISD; (3) Plaintiff has failed to allege a viable retaliation claim against MISD; and (4) MISD is not liable for exemplary damages as a matter of law. *See* Dkt. 31. Plaintiff has filed a response in opposition. *See* Dkt. 38.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive,

---

[2]Plaintiff also brings a defamation claim against her co-worker Defendant Liliana Trujillo. The Court has addressed those claims in a separate report and recommendation.

so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

**Race Discrimination**

Plaintiff is a counselor at Dowell Middle School in McKinney, Texas. In her amended complaint, she alleges that, since August 31, 2012, she "has been in a racially charged work environment and subject to racial hostility, racial discrimination and retaliation by the Dowell Middle School administration" and co-Defendant Trujillo and brings her claims under the TCHRA accordingly. Dkt. 26 at ¶9.

Under the TCHRA, "an employer commits an unlawful employment practice if, because of race, color, disability, religion, sex, national origin, or age, the employer...discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LAB. CODE ANN. § 21.051. The Texas

Legislature has indicated that Texas courts should look to federal law for guidance on interpreting the TCHRA. TEX. LAB. CODE ANN. § 21.001(1). Accordingly, when a plaintiff does not have direct evidence of discrimination and relies on circumstantial evidence, Texas courts apply the burden-shifting *McDonnell Douglas* framework. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633-34 (Tex. 2012) (citing *McDonell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)) (discussing the three-part procedure for examining a disparate-treatment claim in the absence of direct evidence of discrimination).

Under the *McDonnell Douglas* approach, a plaintiff must first demonstrate a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *Willis v. Coca Cola Enters., Inc.,* 445 F.3d 413, 420 (5th Cir. 2006).[3] In order to establish a *prima facie* case of race discrimination, a plaintiff must show: (1) she is a member of a protected group; (2) she was qualified for the position; (3) an adverse employment action occurred; and (4) she was treated less favorably because of her membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *See Wesley v. General Drivers, Warehousemen and Helpers Local*, *745*, 660 F.3d 211, 213 (5th Cir. 2011); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506, 113 S. Ct. 2742, 2747 (1993); *McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir. 2007); *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 281 (5th Cir. 2004).

---

[3]Because the Court finds that Plaintiff has not stated a *prima facie* case of discrimination or retaliation, it does not reach the other two steps of the *McDonnell Douglas* analysis, whether the employer has produced a nondiscriminatory reason for the action and whether that reason was pretextual.

4

As to Plaintiff's claims of racial discrimination, Defendant argues that Plaintiff's complaint does not allege the adverse employment action sufficient to state a claim of racial discrimination. An adverse employment action is an ultimate employment decision such as hiring, granting leave, discharging, promoting, compensating, or demoting. *Pegram*, 361 F.3d at 282. "[A]n employment action that does not affect job duties, compensation, or benefits is not an adverse employment action." *Id.* (internal citations omitted); *see, e.g., Cole v. Pearland Indep. Sch. Dist.,* 2013 WL 4494423, at *8 (S.D. Tex. 2013) (evaluations, write-ups, and alleged poor treatment of the plaintiff do not constitute adverse employment actions to support a discrimination claim).

In response to MISD's motion to dismiss, Plaintiff argues that "she has satisfied the requirement set forth by See Fed. R. Civ. P. 8., and sets forth sufficient allegations to show that MISD discriminated against [her] in connection with the terms conditions and privileges of her employment." Dkt. 38 at 7. Plaintiff does not further show how the facts alleged in her complaint rise to the level of an ultimate adverse employment action sufficient to state a claim for race discrimination under governing Fifth Circuit precedent.

Contrary to Plaintiff's argument, the Court is not imposing a heightened pleading standard beyond that which is required under Federal Rule of Civil Procedure 8. Nor is Plaintiff required to *prove* her *prima facie* case at this time. What is required to state a claim and survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is clear. Although Plaintiff argues that her complaint need not contain facts establishing her *prima facie* case of discrimination, she must at least allege facts which allow the Court to draw the reasonable inference that she suffered an adverse employment action sufficient to state a discrimination claim under the TCHRA. *Gonzalez v. Kay*,

5

577 F.3d 600, 603 (5th Cir. 2009).

Critically, Plaintiff's complaint alleges that she is still an employee at MISD and still holds the position of counselor. Dkt. 26 at ¶6. Therefore, a termination is not the basis for her discrimination claim. Instead, Plaintiff alleges that, after she complained about her racially charged work environment, she experienced changes including the following: "reassignment of job duties, her office moved to a remote place in the building, stripped of her long term support staff, and disparate increase in work load." Dkt 26 at ¶28. Other portions of Plaintiff's complaint allege that she was subjected to insults, "weekly threats of reprimand", and "a barrage animosities [sic];" that disparaging and false race-motivated remarks made by co-Defendant Trujillo caused her supervisors and principal to question her integrity; and that she felt "racially stereotyped, belittled and disrespected." Dkt. 26 at ¶12, 13, 17, 23. The Court finds that Plaintiff's allegations do not rise to the level of an adverse employment action to state a discrimination claim.

Not everything that makes an employee unhappy is an adverse employment actions for purposes of employment discrimination statutes. *Brooks v. Firestone Polymers, LLC*, 70 F. Supp. 3d 816, 835-36 (E.D. Tex. 2014). Indeed, "poor performance evaluations, unjust criticism, and being placed on probation do not constitute ultimate employment decisions." *King v. Louisiana*, 294 F. App'x 77, 84 (5th Cir. 2008) (internal quotations omitted). "Imposing a higher workload on an employee than on her coworkers does not constitute an ultimate employment action." *Ellis v. Compass Grp. USA, Inc.*, 2010 WL 4792668, at *6 (E.D. Tex. Oct. 18, 2010) report and recommendation adopted, 2010 WL 4791603 (E.D. Tex. Nov. 18, 2010) aff'd, 426 F. App'x 292 (5th Cir. 2011).

Although an allegation that a plaintiff lost her ability to perform her essential job functions is sufficient to state an adverse employment action, the "loss of some job responsibilities" does not constitute an adverse employment action. *Thompson v. City of Waco, Texas*, 764 F.3d 500, 506 (5th Cir. 2014). "An adverse employment action must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Jones v. Dallas Cty.*, 47 F. Supp. 3d 469, 496 (N.D. Tex. 2014) (internal quotations omitted).

Having reviewed the facts in the complaint here, the Court finds that Plaintiff has alleged nothing more than disruptions and matters not substantively affecting her job duties. Even assuming her office were moved, duties were re-assigned, support staff were removed and workload were increased, Plaintiff has not alleged any facts to show that she lost any essential job functions as a school counselor. *Thompson v. City of Waco, Texas*, 764 F.3d 500, 505 (5th Cir. 2014) (finding adverse employment action was sufficiently stated where the plaintiff claimed that he lost the essential job functions of a detective, he no longer uses his education and skills that he had acquired and regularly used as a detective, and his new position is less interesting, provides fewer opportunities for advancement, is less prestigious, and involves significantly diminished responsibilities). She was and has remained a counselor with the District. No adverse employment action has been alleged.

Because no adverse employment action has been stated, her race discrimination/racial harassment in violation of Tex. Lab. Code 21.051, 21.55 ("TCHRA") claim should be dismissed.[4]

---

[4] Defendant also argues that Plaintiff has failed to allege beyond mere labels and conclusions that she was replaced by a person outside her protected class or that other similarly situated employees received disparate treatment. In her complaint, Plaintiff alleges that "other employees outside of the protected class, including Trujillo, were treated more favorable than she

**Hostile Work Environment**

As to Plaintiff's hostile environment claim, Defendant argues that no claim is stated because there are no allegations in the complaint regarding objectively offensive conduct that was physically threatening or humiliating, no allegations that Plaintiff's work performance was unreasonably impeded, and no allegations of an atmosphere of racial hostility sufficiently "severe or pervasive" to alter the terms and conditions of Plaintiff's employment.

To state a hostile work environment claim, an employee must show she "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment was sufficiently severe or pervasive so as to affect a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Gudger v. CITGO Petroleum Corp.*, 574 F. App'x 493, 497 (5th Cir. 2014) (citing *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78, 118 S. Ct. 998, 140 L.Ed.2d 201 (1998)). "[A] regular pattern of frequent verbal ridicule or insults sustained over time can constitute severe or pervasive harassment sufficient to violate Title VII." *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 400 (5th Cir. 2007). The complained conduct must be both objectively and subjectively offensive. *Id.* at 399.

Here, Plaintiff has alleged that she is subjected to a "racially charged work environment" where she has been "racially stereotyped" where there is "racial animosity against blacks," including black students, and where negative racial comments and gestures about blacks are made and nothing

---

in the workplace." Dkt. 26 at ¶29. Because the Court finds that no adverse employment action has been stated, the Court need not reach this element of Plaintiff's *prima facie* case.

is done. Dkt. 26 at ¶¶ 9, 12,14, 15, 19, 22, 24. The facts alleged also sufficiently state that she was subjectively offended by the alleged racially charged atmosphere.

Although the Court finds that Plaintiff's hostile work environment allegations barely suffice, viewing the facts in a light most favorable to Plaintiff, the Court finds that they are enough to state a hostile work environment claim for purposes of a 12(b)(6) analysis. While Plaintiff's allegations that she was subjected to insults, weekly threats of reprimand, and "a barrage" of animosities are not sufficient to allege an adverse employment action, the Court finds that they are enough to state her harassment claim. *See* Dkt. 26 at ¶¶13, 23. The Court finds that Plaintiff's allegations regarding Trujillo's conduct in particular, including allegedly false reports made by Trujillo against her, which Plaintiff alleges were based on racial animosity, are sufficient to state her hostile work environment claim. *See* Dkt. 26 at ¶¶ 8-17, 19, 22.

Plaintiff is cautioned, however, that to survive summary judgment Plaintiff will be expected to offer evidence creating a fact issue as to "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the [her] employment and create an abusive working environment."[5] *E.E.O.C.*, 496 F.3d at 399 (internal citations omitted). *See also Gudger*, 574 F. App'x at 497-98 (a single race-based comment generally will not suffice to survive summary judgment). Annoying behavior or isolated offensive utterances, especially those not involving physical threats or humiliating conduct, are generally not enough to support a hostile environment claim. *Buisson v. Bd. of Sup'rs of Louisiana Cmty. & Tech. Coll. Sys.*, 592 F. App'x 237, 245 (5th

---

[5]A motion for summary judgment regarding Plaintiff's claims against MISD has been filed. Once the briefing on the motion has been completed, the Court will evaluate the parties' summary judgment evidence and issue its recommendations accordingly.

Cir. 2014) (isolated use of the bigoted term, even if it indicates discriminatory intent, is insufficient even when combined with other offensive but non-threatening behavior to create a race or national-origin-based hostile work environment). The conduct must be pervasive and severe. *See, e.g., Walker v. Thompson*, 214 F.3d 615, 626 (5th Cir. 2000) (holding that African–American employees who were subjected to a variety of racial slurs over three-year period raised fact issue as to whether slurs were sufficiently severe or pervasive to violate Title VII); *Farpella–Crosby v. Horizon Health Care*, 97 F.3d 803, 806 (5th Cir.1996) (plaintiff presented sufficient evidence from which a jury could find severe or pervasive harassment where plaintiff was subjected to offensive, sex-based comments two to three times per week).

Not only must Plaintiff demonstrate a fact issue regarding whether the conduct was subjectively offensive, Plaintiff must also offer evidence that would create a fact issue regarding whether the conditions of her workplace were objectively offensive. In determining whether Plaintiff's work environment was objectively offensive, the Court will consider the totality of the circumstances, including "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance." *E.E.O.C.*, 496 F.3d at 399. Although no single factor is determinative, the Court finds that such is best determined with the summary judgment record before it rather than on the pleadings alone. Plaintiff's complaint contains sufficient allegations as to "raise a right to relief above the speculative level" and into the "realm of plausible liability" as to her hostile work environment claims. *Twombly*, 550 U.S. at 555, 557 n.5.

Defendant's motion to dismiss should be denied as to Plaintiff's hostile work environment claim. The claim has been sufficiently stated.

**<u>Retaliation</u>**

As to Plaintiff's retaliation claim, Defendant argues that Plaintiff's Second Amended Complaint does not allege any facts showing that an adverse employment action occurred. According to Defendant, Plaintiff's allegations of a subjectively unpleasant environment because of her co-worker's alleged dislike of her and alleged unfair comments by her principal are insufficient to state a retaliation claim. The Court agrees.

A plaintiff alleging a *prima facie* case for a retaliation must show that "(1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action." *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014); *see also Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015). "The key question is whether the challenged action is materially adverse in that it is harmful to the point that it could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945-46 (5th Cir. 2015) (internal quotations and alterations omitted). Although the significance of any given act of retaliation often depends upon the particular circumstances and context, the standard is objective. *Id*. As with claims of discrimination, "allegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute actionable adverse employment actions" for retaliation claims. *King v. Louisiana*, 294 F. App'x 77, 85 (5th Cir. 2008).

The Fifth Circuit has outlined some of the activities which are not "ultimate employment actions" in the retaliation context, including changing locks, restructuring office procedures, clarifying job duties, reprimands, removal of employee's name from letterhead, ostracism by coworkers, loss of some job duties, assignments to less desirable shifts and changes of work schedules, requests that employee perform new job tasks, rude treatment by an employer, and criticism of work and conduct. *Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 532, n. 2 (5th Cir. 2003) (citing cases). The Court finds that Plaintiff's allegations here fall into this category, not the category of ultimate employment actions recognized by the Fifth Circuit, including demotion, denial of pay increase and failure to promote sufficient to support a retaliation claim. *See id.*

> Plaintiff's complaint alleges as follows:
>
> Defendant instituted a campaign of retaliation. Within three months of Plaintiff's complaints about a racially charged work environment, she witnessed changes in her job status. These changes included reassignment of job duties, office change to a remote place in the building, stripped of her support staff, and an uneven increase in her workload. These actions were in retaliation for Plaintiff complaining about unlawful employment practices, which required Plaintiff to seek outside counseling to deal with the work related stress and retaliation.

Dkt. 26 at ¶35. In response to the motion to dismiss, Plaintiff also argues that she has stated an adverse employment action sufficient to state a retaliation claim by alleging that "she was singled out for reprimands, disciplined for minor infractions, and subject to investigations." Dkt. 38 at 9 (citing ¶ 12-15, 24, 26, 33-36 of her complaint).

Even taking Plaintiff's allegations as true, the Court agrees with Defendant that Plaintiff has not stated an adverse employment action sufficient to state her retaliation claim. Petty slights, minor

annoyances, and simple lack of good manners that employees regularly encounter in the workplace are not actionable retaliatory conduct. *Aryain v. Wal-Mart Stores Texas LP,* 534 F.3d 473, 484-85 (5th Cir. 2008) (allegations of being treated poorly and rudely not enough as a matter of law to state retaliation claim). Plaintiff has not pointed the Court to any allegations regarding specific actions taken by her supervisors that she contends would dissuade a reasonable employee from complaining about racial harassment or discrimination, nor do any of Plaintiff's allegation state that, even with the changes in conditions she alleges, her job objectively became more arduous or less prestigious. *Id.* at 485 (indicating that these factors could cut in favor of material adversity). No facts are alleged regarding her change in job conditions that would have dissuaded a reasonable person from making or support a charge of discrimination. *See. e.g. Cole v. Pearland Indep. Sch. Dist.,* 2013 WL 4494423, *11 (S.D. Tex. 2013).

"[O]nly an ultimate employment decision by an employer can form the basis for liability for retaliation." *Hernandez*, 321 F.3d at 531. Plaintiff has simply not alleged such an ultimate employment decision in her complaint. Moreover, Plaintiff has not sufficiently stated facts that would show how the final decision makers here, including MISD board of trustees, were involved in any of the alleged adverse employment decisions. *Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 657 (5th Cir. 2012) ("In determining whether an adverse employment action occurred, we focus on the final decisionmaker."). Her retaliation claim should be dismissed.

**Exemplary Damages**

Finally, Defendant argues that examplary damages are not available in suits against governmental entities under the Texas Labor Code. Tex. Lab. Code §21.2585(b) and asks that

Plaintiff's claims for these damages be dismissed. Plaintiff's written response is silent as to this argument. Plaintiff has not shown how her claims for exemplary damages could survive dismissal in light of the clear statutory dictate barring such damages. TEX. LABOR CODE ANN. § 21.2585(b) ("A complainant may recover punitive damages against a respondent, other than a respondent that is a governmental entity."). Her request for exemplary damages should be dismissed.

### RECOMMENDATION

Having reviewed the allegations in Plaintiff's complaint, the Court finds that MISD's Second Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and for Judgment on the Pleadings (Dkt. 31) should be GRANTED in part and DENIED in part, that Plaintiff's claims of race discrimination/racial harassment in violation of Tex. Lab. Code 21.051, 21.55 and retaliation, as well as Plaintiff's claim for exemplary damages, should be dismissed with prejudice for failure to state a claim, and that Plaintiff's claims of hostile work environment should remain. Viewed in a light most favorable to Plaintiff, at best, the facts alleged in her complaint state a hostile work environment claim. Nothing more.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted

by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of February, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE