IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RAYSHANA ADAMS § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Case No. 4:14CV762 |
| § | |
| MCKINNEY INDEPENDENT § | |
| SCHOOL DISTRICT and § | |
| LILIANA TRUJILLO § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendant Liliana Trujillo's First Amended Rule 12(b)(1), 12(b)(6), or Alternatively, Rule 12(c) Motion to Dismiss (Dkt. 30) and MISD's Motion to Dismiss Pursuant to Tex. Civ. Prac. & Rem. Code §101.106(e) (Dkt. 51). As set forth below, the Court finds that the claims against Defendant Trujillo should be dismissed.

**BACKGROUND**

Plaintiff Adams is an African-American female who is employed by Defendant McKinney ISD ("MISD"). Plaintiff and Defendant Trujillo, who is of non-African-American descent, are both counselors at Dowell Middle School in McKinney, Texas.

In her amended complaint, Plaintiff alleges that she "has been in a racially charged work environment and subject to racial hostility, racial discrimination and retaliation by the Dowell Middle School administration and Defendant Liliana Trujillo" and that "Trujillo's discontent for black employees, and her aversion to working with black children was tolerated by MISD." Dkt. 26

at ¶9. She brings claims of racial discrimination/racial harassment, hostile work environment and retaliation against the MISD and a defamation claim against Trujillo in her individual capacity.

Pending before the Court are several motions, arguing that the claims against Trujillo do not survive for several reasons.

**ANALYSIS**

The Court addresses Defendant's MISD's motion first. In its motion, MISD argues that the claims against Trujillo should be dismissed with prejudice pursuant to Section 101.106 of the Texas Civil Practice and Remedies Code, also referred to as the Texas Tort Claims Act. Plaintiff opposes this motion, arguing that she has sued Trujillo only in her individual capacity.

As a general rule, the Texas Tort Claims Act "bars any suit or recovery the plaintiff against any individual employee of the governmental unit regarding the same subject matter" once a plaintiff files suit against the governmental unit. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a). Under Section 101.106(a) of the Texas Civil Practice and Remedies Code,

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> * * *
>
> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.[1]

---

[1] Given the clear statutory language that the governmental unit should file the motion, the Court is not convinced by Plaintiff's challenge to MISD's authority to file the underlying motion regarding the claims against Trujillo.

2

TEX. CIV. PRAC. & REM. CODE § 101.106. As has been explained by the Texas Supreme Court,

> Under the Tort Claims Act's election scheme, recovery against an individual employee is barred and may be sought against the governmental unit only in three instances: (1) when suit is filed against the governmental unit only, *id.* § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, *id.* § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, *id.* § 101.106(f). When suit is filed against the employee, recovery against the governmental unit regarding the same subject matter is barred unless the governmental unit consents to suit. *Id.* § 101.106(b). ***Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually.***

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (emphasis added). "By filing such a motion [under 101.106(e)], the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party." *Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013). Defendant argues that Section 101.016 irrevocably bars Plaintiff's state law claims against Trujillo.

As to defamation specifically, Plaintiff alleges Trujillo falsely accused her of "social bullying." Plaintiff alleges the following:

> Adams maintains that Trujillo's defamatory statements and misrepresentations that Adams socially bullied her, surrounding an off campus social event which was non-work related. Trujillo accused Adams and her then secretary Sonja Henderson of social bullying when she allegedly overheard them planning an off campus social event. This allegation was false, disparaging and caused Adams supervisors and principle to question Adams integrity. Further, these statements were communicated with the intent to place Adams in a false light and to injure her professional reputation.

Dkt. 26 at ¶17.

As to the specific statements, Plaintiff alleges "Trujillo made defamatory oral statements" and that "Trujillo published a statements regarding Adams social bullying- the statements made by Trujillo were unfounded and blatantly false regarding Adams." Dkt. 26 at ¶¶ 39 and 40. No greater specificity is alleged in the complaint regarding what Trujillo purportedly said about Plaintiff.

Defendant argues that these allegations are intertwined with the allegations against the District; Plaintiff claims, without any significant arguments or authorities, that they are distinct. The Court has reviewed the pleadings in this case and finds that Plaintiff's claims against Trujillo are "rooted in the same" allegations made against the school district. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464 (5th Cir. 2010). Plaintiff has not stated the facts underlying her claims against Trujillo such that they can be distinguished from her discrimination and harassment allegations against the District.

The Court first notes (and as addressed in more detail below) that the content and context of the alleged defamatory statements by Trujillo is not wholly clear. Based on the face of Plaintiff's complaint, however, the alleged defamation appears to be for statements made in the course and scope of Trujillo's employment with the District. Plaintiff alleges that "on September 14, 2012, while meeting with counselors and administrative team- one of the Assistant principals reported that Trujillo stated Adams bullied her." Dkt. 26 at ¶11. That the alleged defamatory statement pertained to an off-campus function does not necessarily mean it was *not* made by Trujillo in her capacity as a District employee, and Plaintiff has cited to *no* authority to show such a distinction. Again, although Plaintiff claims "an investigation ensued" as a result of defamatory statements, *what* those statements were is simply not clear. Dkt. 26 at ¶18.

4

That Trujillo is named in her individual capacity only, as noted by Plaintiff, is also not sufficient to survive dismissal. "[W]hether a plaintiff sues a governmental employee in the employee's official or individual capacity is irrelevant under the applicable subsections of section 101.106." *Texas Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 399 (Tex. App.– Fort Worth 2008, no pet.); *see also City of Corpus Christi v. Eby*, 2011 WL 1437002, at *6 (Tex. App. – Corpus Christi 2011, no pet.) ("Even an assertion by a plaintiff that it sued a government employee in his individual capacity and not his official capacity does not bar dismissal of the employee under subsection (e), when, as here, the suit against the governmental entity and the employee involve the same subject matter.").

The Court further notes that the majority of Plaintiff's discrimination and harassment claims against MISD are based on Trujillo's conduct. For example, Plaintiff alleges:

> "On February 14, 22013 [sic], Adams informed her supervisor that Trujillo had filed a false social bullying report against her. Adams shared her concern that she ***believed this false allegation against her was directly related to Trujillo's racial animosity against blacks***." Dkt. 26 at ¶19 (emphasis added).

Plaintiff further alleges that she "has consistently been in a hostile work environment based on actions by Trujillo and MISD administration." Dkt. 26 at ¶ 22. Plaintiff also bases her hostile work environment claim against MISD on racial gestures and negative comments of Trujillo. Dkt. 26 at ¶ 24. And, as part of her defamation claim specifically, Plaintiff alleges that "Trujillo actions were malicious, and meant to impeach Adams' honesty, integrity, virtue, and reputation" and "Plaintiff has been personally harassed and made to suffer as a direct consequence of Defendant's false and defamatory statements." Dkt. 26 at ¶¶ 40 & 41.

Plaintiff's response to the motion to dismiss under Section 101.106 (which the Court notes is less than three-pages long and cites to no legal authorities to support her position, *see* Dkt. 55) does not state how Trujillo's alleged actions were taken "independently" and were not "within the general scope of ...her employment." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (dismissing claim of defamation against district superintendent under Section 101.106 of TTCA where suit was also filed against school district for wrongful termination). *See also Perez v. Texas A & M Univ. at Corpus Christi*, 2013 WL 6230353, at *12 (S.D. Tex. 2013) aff'd, 589 F. App'x 244 (5th Cir. 2014) (dismissing defamation claim pursuant to TTCA where alleged defamatory statements to third parties involved allegations regarding information allegedly given by a professor in a hearing with respect to the student's appeal of her dismissal from nursing school). Without more from Plaintiff setting forth the defamatory statements allegedly made by Trujillo and showing how her claims against Trujillo are distinct from those against MISD, dismissal under Section 101.016 is warranted.

Moreover, to the extent that Plaintiff has or could alleged claims that are distinct from her claims against the school district, the Court nonetheless finds that dismissal is warranted under Federal Rule of Civil Procedure12(b)(6). As Defendant Trujillo has argued in her own motion to dismiss (*see* Dkt. 30), Plaintiff has failed to state a claim that is plausible on its face supporting a defamation cause of action against her.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)).

For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

In asserting defamation under Texas law, Plaintiff here must allege that Trujillo: (1) published a statement; (2) that was defamatory concerning Plaintiff; (3) while acting negligently with regard to the truth of the statement. *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589, 595-96 (5th Cir. 2007) (citing *WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex.1998)). *See also Crouch v. J.C. Penney Corp., Inc*., 564 F. Supp.2d 642, 646 (E.D. Tex. 2008). "Defamatory statements are 'published' if they are communicated orally, in writing, or in print to some third person capable of understanding their defamatory import and in such a way that the third person did so understand." *Austin v. Inet Tech., Inc.*, 118 S.W.3d 491, 496 (Tex. App. – Dallas 2003, no pet.). "While a claim for defamation is not subject to the heightened pleading requirements of Rule 9(b), the pleadings for a defamation claim must be sufficiently detailed to the extent necessary to enable the defendant to respond." *Encompass Office Sols., Inc. v. Ingenix, Inc*., 775 F. Supp. 2d 938, 958 (E.D. Tex. 2011).

Critically here, Plaintiff's amended complaint does not make any specific factual allegations about the circumstances of the "social bullying" allegations. The question of whether a statement is defamatory is a question of law for the Court, and there is not enough alleged here for the Court to do so. *Palestine Herald Press Co. v. Zimmer*, 257 S.W.3d 504, 509 (Tex. App. – Tyler 2008, pet.

7

denied) ("Whether a publication is an actionable statement of fact is a question of law."). Indeed, there are not enough facts alleged for the Court to determine "the entire context in which the statement was made" as it is required to do. *Id.*

In her complaint, Plaintiff claims that Trujillo falsely accused her of "social bullying." "[A] statement may be false, abusive, unpleasant, and objectionable without being defamatory." *Id.* at 511, n6. *See also Teel v. Deloitte & Touche LLP*, 2015 WL 9478187, at *4 (N.D. Tex. 2015) ( "To be actionable, a statement must be a factual assertion; expressions of opinion are not actionable."). The Court finds that, even if Trujillo made false statements, no facts are alleged here to show that Trujillo's claim of "social bullying" was anything more than her opinion about Plaintiff.

The "scant factual allegations" that Trujillo accused Plaintiff of "social bullying" and that such accusations were false are not enough for the Court to draw a reasonable inference that Trujillo is liable for the alleged misconduct or that Plaintiff is entitled to relief. *See, e.g., Desperado Motor Racing & Motorcycles, Inc. v. Robinson*, 2010 WL 2757523, at *3 (S.D. Tex. 2010) (finding that allegations that the defendant called the plaintiff a "thief;" that the statement was "false," that the statement was "defamatory" that defendant acted with "malice, negligently, or without regard to fault" was not enough to state a defamation claim).

A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will

not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5.

Plaintiff has already amended her complaint once after removal to respond to similar 12(b)(6) arguments by Defendant. *See* Dkt. 17. Her allegations still do not plead facts that allow the Court to draw the reasonable inference that Trujillo is liable for defamation.

Having reviewed the amended complaint, to the extent it could survive Defendant's motion under Section 101.016 of the Texas Tort Claims Act, the Court finds that it does not contain sufficient factual allegations to state a defamation claim. See, e.g, *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013) (finding that conclusory allegations that Defendant "in bad faith maligned, negligently misrepresented, defamed, defrauded and slandered plaintiff extremely and outrageously" do not state defamatory communications under Mississippi law and do not contain sufficient factual matter to state a defamation claim under Rule 12(b)(6)).

Having thoroughly reviewed the record and authorities before it, the Court finds that Defendant Liliana Trujillo's First Amended Rule 12(b)(1), 12(b)(6), or Alternatively, Rule 12(c) Motion to Dismiss (Dkt. 30) and MISD's Motion to Dismiss Pursuant to Tex. Civ. Prac. & Rem. Code §101.106(e) (Dkt. 51) should be GRANTED and the claims against Defendant Trujillo should be dismissed with prejudice.[2]

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28

---

[2]Because the Court finds that Plaintiff's defamation claims do not survive the application of Section 101.016 or Rule 12(b)(6), the Court does not reach Defendant's other grounds for dismissal.

U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of February, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE