# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RAYSHANA ADAMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14CV762 |
| | § | Judge Mazzant/Judge Bush |
| MCKINNEY INDEPENDENT | § | |
| SCHOOL DISTRICT and | § | |
| LINDA TRUJILLO | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 28, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff Rayshana Adams' Motion for Remand to State Court (Dkt. #45) should be DENIED. *See* Dkt. #69.

On February 11, 2016, Plaintiff filed objections to the Magistrate Judge's report (*see* Dkt. #72). On February 16, 2016, Defendant MISD filed a response to Plaintiff's objections (*see* Dkt. #73), and, on February 22, 2016, Defendant Trujillo filed her response to Plaintiff's objections (*see* Dkt. #78).

The Court has made a *de novo* review of the objections raised by Plaintiff and Defendants' responses and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

1

In her objections, Plaintiff argues that she amended her pleadings to remove all federal claims, that there are no longer any federal issues implicated by this case, and that the Court should not exercise supplemental jurisdiction over her remaining claims.

It is undisputed that, at the time of removal, this court had jurisdiction over Plaintiff's claims under 42 U.S.C. § 1981, and the Magistrate Judge correctly found that this court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. As noted by the Magistrate Judge, "a plaintiff's voluntary amendment to a petition after removal to eliminate the federal claim upon which removal was based does not defeat federal jurisdiction." *Henry v. Independent Am. Sav. Ass'n,* 857 F. 2d 995, 998 (5th Cir. 1988) (*Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 (5th Cir.1985)).

As to the factors the Court should consider in exercising supplemental jurisdiction, Plaintiff argues for the first time that the Sherman, Texas federal courthouse is less convenient than the McKinney, Texas state courthouse. Plaintiff also argues for the first that fairness warrants a remand since "so much of the case was previously litigated at the State court level." Dkt. #72 at 3. Finally, Plaintiff argues that judicial economy weighs in favor of remand because several motions await disposition in this court, and Plaintiff implies that the case will reach a trial date more quickly in state court.

The Court is not convinced by any of Plaintiff's arguments and finds that the Magistrate Judge correctly found that the factors of economy, convenience, fairness, and comity weigh against remand.

The case has been pending for more than a year in this court, the distance between the courthouses is not significant, and the case is set for trial in less than two months. The Magistrate

Judge has issued reports and recommendations regarding Defendants' motions to dismiss, Plaintiff only recently filed a response to Defendants' motions for summary judgment, and Plaintiff has not shown what substantive rulings were made in the state court prior to removal. Remand is simply not warranted here, and the case shall proceed in this court.

Finding that Plaintiff's objections are without merit, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Plaintiff Rayshana Adams' Motion for Remand to State Court (Dkt. #45) is DENIED.

**IT IS SO ORDERED.**
**SIGNED this 18th day of March, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE