# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RAYSHANA ADAMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14CV762 |
| | § | Judge Mazzant/Judge Bush |
| MCKINNEY INDEPENDENT | § | |
| SCHOOL DISTRICT and | § | |
| LILIANA TRUJILLO | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ADOPTING REPORTS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. In this case, Plaintiff, a middle school counselor, brings claims of racial discrimination/racial harassment, hostile work environment, and retaliation against her employer Defendant McKinney ISD ("MISD"). Plaintiff has also brought a defamation claim against her co-worker Defendant Liliana Trujillo.

On February 26, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant Liliana Trujillo's First Amended Rule 12(b)(1), 12(b)(6), or Alternatively, Rule 12(c) Motion to Dismiss (Dkt. #30) and MISD's Motion to Dismiss Pursuant to Tex. Civ. Prac. & Rem. Code §101.106(e) (Dkt. #51) should be GRANTED and the claims against Defendant Trujillo should be dismissed with prejudice (*see* Dkt. #84). Also

1

on February 26, 2016, the Magistrate Judge entered a report containing proposed findings of fact and recommendations that MISD's Second Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and for Judgment on the Pleadings (Dkt. #31) should be GRANTED in part and DENIED in part, that Plaintiff's claims of racial discrimination/racial harassment in violation of Tex. Lab. Code 21.051, 21.55 and retaliation, as well as Plaintiff's claim for exemplary damages, should be dismissed with prejudice for failure to state a claim, and that Plaintiff's claims of hostile work environment should remain (*see* Dkt. #83).

On March 11, 2016, Plaintiff filed objections to the Magistrate Judge's reports (*see* Dkt. #86). On March 18, 2016, Defendants MISD and Liliana Trujillo filed responses to Plaintiff's objections (*see* Dkts. ##88 & 90).

The Court has made a *de novo* review of the objections raised by Plaintiff and Defendants' responses and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

In her objections, Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's race claim, retaliation claim, and defamation claim, as well as her claim for exemplary damages, be dismissed with prejudice. Plaintiff also objects to the Magistrate Judge's ruling on the motions to dismiss while Defendants' motions for summary judgment and Plaintiff's responses to summary judgments motions were pending. Plaintiff further argues that the Magistrate Judge allowed evidence outside of the pleadings in support of Trujillo's Motion to Dismiss, without treating the motion as a Rule 56 motion for summary judgment. Both Defendants argue that Plaintiff's

objections are without merit.[1]

The Court first addresses Plaintiff's argument that the Magistrate Judge applied the wrong standard to Defendants' Rule 12(b)(6) motions to dismiss and that the Magistrate Judge improperly applied a heightened pleadings standard which circumvented Federal Rule of Civil Procedure 8(a)(2). Plaintiff argues that the Magistrate Judge's reports evaluated Plaintiff's likelihood of success rather than determining whether Plaintiff stated a legally cognizable claim that is plausible.

The Court finds that this objection is without merit and is not supported by the record. The Magistrate Judge's reports cite to the correct dismissal standard, and a *de novo* review of the reports shows that the Magistrate Judge applied the correct standard in determining whether Plaintiff's live complaint contained "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)).

There is nothing in the Magistrate Judge's reports that imposes a higher pleading standard on Plaintiff than what is required under *Iqbal*. The Magistrate Judge's findings explicitly acknowledge that Plaintiff is not required to prove her case, merely that she allege facts sufficient to state a *prima facie* case. And, contrary to the arguments raised by Plaintiff in her objections, the Magistrate Judge clearly notes in his reports that he has taken all of Plaintiff's allegations as true.

That the Magistrate Judge's reports often note Plaintiff's failure to demonstrate how her pleadings state a claim – through her responses to the dispositive motions – merely notes the dearth

---

[1] No party has objected to the Magistrate Judge's recommendation that Plaintiff's hostile work environment claim remain.

of argument and authorities in Plaintiff's pleadings; it does not impose an obligation of proof on Plaintiff. Further, although Plaintiff argues that "Defendant Trujillo included evidence from the Summary Judgment filed in State Court" (*see* Dkt. #86 at 10), Plaintiff has not identified what outside evidence she claims the Magistrate Judge relied upon in making his recommendations. The Court has made a *de novo* review of the reports, and all of the Magistrate Judge's findings are based on the pleadings alone. No outside evidence is cited by the Magistrate Judge.

As to Plaintiff's objection that Magistrate Judge's ruling on the motions to dismiss was premature because Defendants' motions for summary judgment and Plaintiff's responses to summary judgments motions were pending, it is unsupported by any authorities and is without merit. In fact, the Court notes that Plaintiff previously asked the Court to extend her deadline to respond to Defendants' summary judgment motions until after the Court ruled on Defendants' motions to dismiss. *See* Dkt. #54. Plaintiff's objection is without merit, and the Magistrate Judge did not err in first addressing whether a claim was stated under 12(b)(6) before determining whether summary judgment on that claim was proper.

Having reviewed his reports, the Court finds that the Magistrate Judge's 12(b)(6) analysis is based solely on the language contained in Plaintiff's amended complaint and applicable authorities. Plaintiff's objections regarding the standards applied by the Magistrate Judge are overruled.

The Court next turns to the Magistrate Judge's recommendations that certain claims be dismissed.

As to the recommendation that Plaintiff's racial discrimination claim be dismissed with prejudice for failure to state a claim, the Court agrees with the Magistrate Judge that Plaintiff, who remains employed by MISD, has not alleged any facts to show an adverse employment action. *Thompson v. City of Waco, Texas*, 764 F.3d 500, 505-506 (5th Cir. 2014) (the "loss of some job responsibilities" does not constitute an adverse employment action and the plaintiff must allege loss of essential job functions). "An adverse employment action must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Jones v. Dallas Cty.*, 47 F. Supp. 3d 469, 496 (N.D. Tex. 2014) (internal quotations omitted). Plaintiff does not allege facts sufficient to state that she lost any essential job functions as a school counselor, and the Court finds no error in the Magistrate Judge's recommendation that her claims of racial discrimination/racial harassment in violation of Tex. Lab. Code 21.051, 21.55 ("TCHRA") be dismissed. Those claims shall be dismissed.

As to the Magistrate Judge's finding that Plaintiff also has not stated an adverse employment action necessary for a retaliation claim, Plaintiff argues that the Magistrate Judge "erroneously intertwined the standard for Race Discrimination and Retaliation Discrimination." Dkt. #86 at 7. Plaintiff further argues that she asserted a *prima facie* case of Title VIII retaliation. *See* Dkt. #86 at 7. Plaintiff does not cite to any portions of her complaint to show how her complaint alleges facts supporting a *prima facie* case of retaliation, nor do the cases upon which she relies show how her allegations are sufficient to state an adverse employment action for retaliation.

In his report, the Magistrate Judge correctly cites to cases setting forth the *prima facie* standard for claims of retaliation. *See* Dkt. #83 at 11 (citing *Gorman v. Verizon Wireless Texas,*

5

*L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014); *Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015)). The Magistrate Judge's report also cites to the correct authority requiring the Court to focus on whether any final decision maker took part in the adverse employment action forming the basis of a retaliation claim. *See* Dkt. #83 at 13 (citing *Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 657 (5th Cir. 2012)). Plaintiff's argument that the Magistrate Judge erroneously intertwined the standards for racial discrimination and retaliation claims is without merit. And, as noted above, Plaintiff's objection that the Magistrate Judge's recommendation applies a higher pleadings standard than is required is simply not evidenced in the report itself.

As to the ultimate recommendation that Plaintiff's retaliation claim be dismissed with prejudice for failure to state a claim, the Court finds that the Magistrate Judge correctly found that Plaintiff's allegations in her amended complaint do not state a *prima facie* case of retaliation.

In her amended complaint, Plaintiff has alleged that, although she is still employed as a school counselor, "she witnessed changes in her job status...[including] reassignment of job duties, office change [sic] to a remote place in the building, stripped of her support staff, and an uneven increase in her workload." Dkt.#26 at ¶35. Allegations of being treated poorly and rudely are not enough as a matter of law to state retaliation claim. *Aryain v. Wal-Mart Stores Texas LP,* 534 F.3d 473, 484-85 (5th Cir. 2008); *see also Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 532, n. 2 (5th Cir. 2003). Nor are "allegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute actionable adverse employment actions" for retaliation claims. *King v. Louisiana*, 294 F. App'x 77, 85 (5th Cir. 2008). "The key question is whether the challenged action is materially adverse in that it is harmful to the point that

it could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945-46 (5th Cir. 2015) (internal quotations and alterations omitted). The Magistrate Judge correctly found that Plaintiff's allegations do not rise to the level of an objectively adverse employment action sufficient to state a retaliation claim. Her objections regarding the recommended dismissal of her retaliation claim are overruled, and her retaliation claims shall be dismissed.

Next, the Court turns to Plaintiff's objections to the Magistrate Judge's recommendations regarding Plaintiff's defamation claim against Defendant Trujillo. The Magistrate Judge recommended that Plaintiff's defamation claims be dismissed with prejudice pursuant to Section 101.106 of the Texas Civil Practice and Remedies Code because they arise out of the same allegations as her allegations against the school district. The Magistrate Judge further found that, to the extent they do not arise from the same allegations as her claims against MISD, Plaintiff had not stated her defamation claim beyond mere labels and conclusions.

In her objections, Plaintiff argues that her racial discrimination and retaliation claims against Defendant MISD do not involve the same subject matter as her defamation claims against Defendant Trujillo and therefore should not be dismissed pursuant to Section 101.106. Plaintiff further argues that whether the statements were made by Trujillo in the course and scope of her employment is a matter best reserved for trial. Plaintiff also argues that "[i]n so much as the court goes back and forth between what was stated in Adams' Second Amended Complaint and what was argued in Adams' Response Motion to Dismiss Briefs, Plaintiff is unsure to what the court is relying" and that "Adams is not required to have arguments or authorities at the pleading stage." Dkt. #86 at 9.

7

As to any argument by Plaintiff that she was not required to provide the Court with argument and authorities to show how her claims should survive dismissal under Section 101.106, such does not reflect the obligations of parties to brief legal issues or the expectations placed on lower courts to follow legal precedent. Again, the Magistrate Judge applied the correct legal standards here.

In his report, the Magistrate Judge clearly cites to the portions of the record as well as governing authority to support his finding that Plaintiff's defamation claims against Trujillo are "rooted in the same" allegations as her discrimination and harassment claims against the school district. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464 (5th Cir. 2010). As correctly noted by the Magistrate Judge, the fact that Trujilllo is named in her individual capacity is not determinative. *Texas Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 399 (Tex. App.– Fort Worth 2008, no pet.). As to Plaintiff's argument that Trujillo's statements were related to an off-campus event, the Magistrate Judge cites to governing authority to show that, to avoid dismissal under Section 101.106, the defamatory statements must have been made outside of the scope of Trujillo's employment. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008); *Perez v. Texas A & M Univ. at Corpus Christi*, 2013 WL 6230353, at *12 (S.D. Tex. 2013) aff'd, 589 F. App'x 244 (5th Cir. 2014). The facts alleged by Plaintiff do not show this.

The Magistrate Judge's report cites to specific paragraphs in Plaintiff's complaint to support his finding that her defamation allegations were intertwined with her discrimination and harassment allegations against MISD, and dismissal under Section 101.106 is warranted. Moreover, the Magistrate Judge made a finding that even, if they were not intertwined, Plaintiff's defamation allegations failed to state a legally cognizable claim. The Magistrate Judge correctly found that

8

Plaintiff's allegations of "social bullying" were not enough for the Court to determine whether the statements were defamatory or the context in which the statements were made. *Palestine Herald Press Co. v. Zimmer*, 257 S.W.3d 504, 509 (Tex. App. – Tyler 2008, pet. denied). Plaintiff's amended complaint does not contain sufficient factual allegations to state a defamation claim against Defendant Trujillo, and the claims against Trujillo shall be dismissed with prejudice.

As to all other arguments raised by Plaintiff in her objections, the Court finds that they are not adequately briefed or not supported by authority. As noted by Defendant MISD in its response to Plaintiff's objections (*see* Dkt. #88 at 8-9), although Plaintiff states that she objects to the recommendation that her claim for exemplary damages be dismissed, she does not state the basis for this objection. The Court agrees with the Magistrate Judge that Plaintiff has not shown how her claims for exemplary damages could survive dismissal in light of the clear statutory dictate barring the recovery of such damages against governmental entities, and her request for exemplary damages shall be dismissed. TEX. LABOR CODE ANN. § 21.2585(b).

Finding that Plaintiff's objections are wholly without merit, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

Therefore, Defendant Liliana Trujillo's First Amended Rule 12(b)(1), 12(b)(6), or Alternatively, Rule 12(c) Motion to Dismiss (**Dkt. #30**) and MISD's Motion to Dismiss Pursuant to Tex. Civ. Prac. & Rem. Code §101.106(e) (**Dkt. #51**) are **GRANTED** and the claims against Defendant Trujillo shall be dismissed with prejudice.

Further, MISD's Second Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and for Judgment on the Pleadings (**Dkt. #31**) is **GRANTED in part and DENIED in part**. Plaintiff's claims of racial discrimination/racial harassment in violation of Tex. Lab. Code 21.051, 21.55 and retaliation, as well as Plaintiff's claim for exemplary damages, are hereby dismissed with prejudice for failure to state a claim.

Plaintiff's claims of hostile work environment against Defendant MISD remain pending at this time.

**IT IS SO ORDERED.**
 **SIGNED this 24th day of March, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE