IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RAYSHANA ADAMS | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § Case No. 4:14CV762 |
| | § |
| MCKINNEY INDEPENDENT | § |
| SCHOOL DISTRICT and | § |
| LILIANA TRUJILLO | § |
| | § |
| Defendants. | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Pending before the Court is MISD's Motion for Summary Judgment (Dkt. 50). As set forth below, the Court finds that motion should be GRANTED.

### BACKGROUND

Plaintiff originally brought this suit against her employer Defendant McKinney ISD ("MISD") for racial discrimination/racial harassment in violation of Tex. Lab. Code 21.051, 21.55 ("TCHRA"), hostile work environment, and retaliation. *See* Dkt. 26. Plaintiff also brought a defamation claim against her co-worker Defendant Liliana Trujillo.

On October 30, 2015, Defendant MISD filed its motion for summary judgment regarding Plaintiff's claims against it. On February 23, 2016, Plaintiff filed her response.[1] Defendant MISD filed its reply on March 3, 2016.

---

[1]The deadline for the filing of the response was extended by Court order to February 19, 2016. *See* Dkt. 71. It was rendered deficient and refiled on February 23, 2016.

1

On March 24, 2016, in accordance with the undersigned's recommendation, the Court dismissed Plaintiff's claims of racial discrimination and harassment and retaliation against MISD and defamation claim against Trujillo, as well as Plaintiff's claims for punitive damages, leaving only her hostile work environment claim against MISD pending. *See* Dkts. 83, 84, 91 and 92.

As to the sole claim remaining, Defendant's summary judgment motion argues that Plaintiff cannot prevail on her hostile work environment claim against it as a matter of law. Defendant attaches to its motion the following summary judgment evidence: Affidavit of the Custodian of Business Records for McKinney Independent School District, attaching (1) pages from McKinney ISD's policy regarding Personnel-Management Relations Employee Complaints/Grievances (Exhibit D-1); (2) McKinney ISD Employee Complaint Form - Level I (Exhibit E); (3) April 5, 2013 Letter to Plaintiff from McKinney ISD (Exhibit F); (4) McKinney ISD Employee Complaint Form - Level II (Exhibit G); and (5) May 14, 2013 Letter to Plaintiff from McKinney ISD (Exhibit H). *See* Dkt. 50-1.

Plaintiff's response argues that she can establish her *prima facie* case of hostile work environment and that there are material issues of genuine fact as to this claim. *See* Dkt. 80-1 at 13-17. Plaintiff attaches the following summary judgment evidence to her motion: (1) Rayshana Adams' Declaration;[2] (2) written statement signed by Sonja R. Henderson and dated February 22, 2013;[3] (3) portions of Plaintiff's performance review; (4) Plaintiff's EEOC complaint; (5) grievances submitted to MISD by Plaintiff; (6) pages from MISD's policy re: Employee Welfare Freedom from

---

[2]The Declaration is not signed and is missing at least one page. *See* Dkt. 80-2 at 2-4.

[3]The record contains only one page of this statement, and it is unclear whether there are pages missing. *See* Dkt. 80-2 at 5.

Discrimination, Harassment, and Retaliation; (7) statement from Sonja Henderson re: accusations made on February 14, 2013; and (8) December 17, 2013 email exchange between Liliana Trujillo and Plaintiff. *See* Dkt. 80-2.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

"The nonmovant is also required to articulate the precise manner in which the submitted or identified evidence supports his or her claim." *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004). As such, "when evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

## ANALYSIS

Plaintiff is a counselor at Dowell Middle School in McKinney, Texas. In her amended complaint, she alleges that, since August 31, 2012, she "has been in a racially charged work environment and subject to racial hostility, racial discrimination and retaliation by the Dowell

Middle School administration" and co-worker Liliana Trujillo. Dkt. 26 at ¶9.[4]  Plaintiff, who is still employed by MISD, claims that she is subjected to a "racially charged work environment" where she has been "racially stereotyped" where there is "racial animosity against blacks," including black students, and where negative racial comments and gestures about blacks are made and nothing is done.  Dkt. 26 at ¶¶ 9, 12, 13, 14, 15, 19, 22, 23 & 24.

An employee asserting a hostile work environment claim must show she "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment was sufficiently severe or pervasive so as to affect a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Gudger v. CITGO Petroleum Corp.*, 574 F. App'x 493, 497 (5th Cir. 2014) (citing *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78, 118 S. Ct. 998, 140 L.Ed.2d 201 (1998)). "[A] regular pattern of frequent verbal ridicule or insults sustained over time can constitute severe or pervasive harassment sufficient to violate Title VII." *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 400 (5th Cir. 2007).  The complained of conduct must be both objectively and subjectively offensive.  *Id.* at 399.

---

[4]Plaintiff brings her claims under the TCHRA.  TEX. LAB. CODE ANN. § 21.051 ("an employer commits an unlawful employment practice if, because of race, color, disability, religion, sex, national origin, or age, the employer...discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment.").  The Texas Legislature has indicated that Texas courts should look to federal law for guidance on interpreting the TCHRA.  TEX. LAB. CODE ANN. § 21.001(1).

The Court previously found that Plaintiff's allegations regarding Trujillo's conduct in particular, including allegedly false reports made by Trujillo against her, which Plaintiff alleges were based on racial animosity, were sufficient to state her hostile work environment claim. *See* Dkt. 83 (citing Dkt. 26 at ¶¶ 8-17, 19, 22); Dkt. 91. The Court thus turns to the summary judgment record, as cited by the parties, to determine whether there is a fact issue as to this claim.[5]

As to the first element of her claim, there is no dispute that Plaintiff, who is African-American, is a member of a protected class. The Court thus turns to the next three elements of her claim: whether she was subjected to unwelcome harassment; whether the harassment was based on race; and whether the harassment was sufficiently severe or pervasive so as to affect a term, condition, or privilege of employment. The Fifth Circuit has explained the harassment required for a hostile work environment claim as follows:

> Harassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Workplace conduct is not measured in isolation. In order to deem a work environment sufficiently hostile, all of the circumstances must be taken into consideration. This includes the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. To be actionable, the work environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.

*Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (internal citations and quotations omitted).

---

[5]Plaintiff has independently paginated her summary judgment Appendix and cited to that pagination in her summary judgment response. In this report, the Court has cross-referenced her pagination with the proper cite to the official record.

Defendant has argued that Plaintiff does not have any evidence sufficient to support her hostile work environment claim. The Court finds that Defendant, as a non-movant, has satisfied its burden in identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact as to the harassment alleged by Plaintiff. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986).

In response to the summary judgment motion, Plaintiff cites to copies of her Level I and Level II grievances and Charge of Discrimination to the EEOC in support of her allegation that she was subjected to unwelcome harassment and that the harassment complained of was based on race. *See* Dkt. 80-1 at 15 (citing to Appendix 121-128, 119-120). In support of her claim that she has been subjected to racial hostility and forced to work with Trujillo who "routinely expressed" her dislike for working with Plaintiff because of her race, "overall dislike for blacks" and "aversion to working with black children", Plaintiff cites to pages from her Declaration and a page of a statement signed by another district employee, Sonja Henderson. *See* Dkt. 80-1 at 5-6 (citing to Appendix 102-104).[6]

Plaintiff's summary judgment response also cites to her Declaration in support of her claim that, as a result of the racial animosity at her workplace, she started having panic attacks at work and home, suffered with blood pressure issues for the first time, was diagnosed with depression from

---

[6]Plaintiff also cites to pages from what appears to be her performance review in support of her claim that her assistant Sonja Henderson witnessed Trujillo making comments and gestures "about blacks." *See* Dkt. 80-1 at 7 (citing to Appendix 105-106 ¶¶9,10). There are no such paragraphs on the pages of the Appendix cited. *See* Dkt. 80-2 att 6-7. And, although the Court is not required to scour the record, the only such numbered paragraphs in the summary judgment record appear in Plaintiff's unsigned Declaration. *See* Dkt. 80-2 at 3. The Court has considered those paragraphs to the extent they are admissible.

7

work-related stress, suffered from sleep issues because of her working environment, and had to seek out a counselor to combat the issues surrounding the work-related stress and the hostile work environment. *See* Dkt. 80-1 at 16 (citing Appendix 103 ¶¶ 24, 25, 27).[7] Plaintiff further cites to her Declaration to show that she was made to move from her work space and instructed to not to have any interaction with Trujillo, even though they were required to work together. *Id.* Plaintiff argues that this evidence is sufficient to create a genuine fact issue regarding her claim that Trujillo's conduct affected a term, condition or privilege of her employment.

Having reviewed the summary judgment record before it, the Court finds that Plaintiff has failed to create a genuine issue of material fact as to the alleged harassment. The evidence cited by Plaintiff is simply not enough to sustain her summary judgment burden.

Plaintiff relies primarily on the statements in her Declaration and her allegations in her grievances (both those submitted to MISD and the EEOC) as summary judgment evidence. A party arguing that there is a fact issue "must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1). Generally, "[a]llegations in a plaintiff's complaint are not evidence." *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 440 (S.D. Tex. 2015) (citing *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) ("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.*, 14 F.3d 1056, 1060 (5th Cir.1994) (for the party opposing the motion for summary judgment, "only evidence—not argument, not facts in the complaint—will

---

[7]As noted in Defendant's summary judgment reply, there is no Paragraph 27 in Plaintiff's Declaration. The Declaration made part of the record ends at Paragraph 25. *See* Dkt. 80-2 at 4.

satisfy the burden.") (internal citation omitted)). However, "facts put forth in a verified complaint may be treated as if in an affidavit on summary judgment, if the asserted facts meet the requirements of Fed. R. Civ. P. 56(e) that they be within the personal knowledge of the affiant, that they otherwise would be admissible into evidence, and that the affiant be competent to testify." *Huckabay v. Moore*, 142 F.3d 233, 240, n 6 (5th Cir. 1998) (finding that facts contained in the plaintiff's verified complaint along with facts contained in his sworn affidavit and deposition regarding specific instances of harassment at his workplace were sufficient to support hostile work environment claim).

Although a party may submit her own sworn statement as summary judgment evidence, in this case, Plaintiff's Declaration is incomplete and contains no signature page or verification. Indeed, there are no sworn statements or testimony of Plaintiff included in the summary judgment record. Defendant noted such in its summary judgment reply. *See* Dkt. 85 at 1, 3.

That there is no verification of Plaintiff's allegations (not to mention a complete signed statement by Plaintiff) may indeed be determinative here. And the Court notes that, despite Defendant's argument in its reply that Plaintiff's affidavit is incomplete and unsigned, Plaintiff has not sought leave to amend her summary judgment evidence in any way. Nor has Plaintiff filed any response to Defendant's objections to her summary judgment evidence. *See* Dkt. 85. For these reasons, the Court finds that Plaintiff's statements within the unsigned Declaration (much of which is essentially identical to the allegations in her complaint) and her unverified allegations in the grievances submitted to MISD and the EEOC do not constitute competent summary judgment evidence and cannot create a fact issue as to her hostile work environment claims. Defendant's objections are well founded (*see* Dkt. 85 at 1-2), and Plaintiff has not shown why they should be

overruled.[8]

In any event, even if the Court were to consider the Declaration and grievances as competent summary judgment evidence which satisfied Federal Rule of Civil Procedure 56, Plaintiff has still failed to create a fact issue as to her harassment allegations.

As the Court previously noted, to survive summary judgment on her hostile work environment claims, Plaintiff must offer evidence creating a fact issue as to "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the [her] employment and create an abusive working environment." *E.E.O.C.*, 496 F.3d at 399 (internal citations omitted). *See also Gudger*, 574 F. App'x at 497-98 (a single race-based comment generally will not suffice to survive summary judgment). Annoying behavior or isolated offensive utterances, especially those not involving physical threats or humiliating conduct, are generally not enough to support a hostile environment claim. *Buisson v. Bd. of Sup'rs of Louisiana Cmty. & Tech. Coll. Sys.*, 592 F. App'x 237, 245 (5th Cir. 2014) (isolated use of the bigoted term, even if it indicates discriminatory intent, is insufficient even when combined with other offensive but non-threatening behavior to create a race or national-origin-based hostile work environment). The conduct must be pervasive and severe. *See, e.g., Walker v. Thompson*, 214 F.3d 615, 626 (5th Cir. 2000) (holding that African–American employees who were subjected to a variety of racial slurs over three-year period raised fact issue as to whether slurs were sufficiently severe or pervasive to violate Title VII); *Farpella–Crosby v. Horizon Health Care*, 97 F.3d 803, 806 (5th Cir.1996) (plaintiff presented

---

[8]The deadline to file a surreply in response has passed. *See* E.D. TEX. L. R. CV-7(f). *See also* E.D. TEX. L. R. CV-7(d) ("a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition.").

sufficient evidence from which a jury could find severe or pervasive harassment where plaintiff was subjected to offensive, sex-based comments two to three times per week).

As evidence of the frequency of harassment, Plaintiff cites to her Level I grievance and argues that she complained to the District that she had to constantly defend herself. *See* Dkt. 80-1 at 2, n2. The Court finds that this statement is not sufficient to create a fact issue as to pervasive *race-based* conduct. The Court has further reviewed the remainder of Plaintiff's summary judgment evidence. Even if true, it does not contain sufficient evidence of pervasive and severe race-based harassment.

At best, Plaintiff's evidence, even if deemed competent, supports a claim that she was subjectively offended by Trujillo's conduct and that she perceived it as racially motivated. This, however, is not enough.

Not only must Plaintiff demonstrate a fact issue regarding whether the conduct was subjectively offensive, Plaintiff must also offer evidence that would create a fact issue regarding whether the conditions of her workplace were objectively offensive. In determining whether Plaintiff's work environment was objectively offensive, the Court will consider the totality of the circumstances, including "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance." *E.E.O.C.*, 496 F.3d at 399. No single factor is determinative. *Id.*

As to any of the harassment Plaintiff alleges to have directly experienced, the Court finds that the summary judgment record evidences, at best, hostility between Plaintiff and Trujillo. The email

exchange between Trujillo and Plaintiff that is included in the summary judgment record, construed in a light most favorable to Plaintiff, evidences a curt exchange between co-workers. In her Declaration, Plaintiff claims that Trujillo's statement of "[y]ou don't need to email me" affected the terms of Plaintiff's employment. Dkt. 80-2 at 4. However, Trujillo was not Plaintiff's supervisor and there is nothing in the record to indicate that she had any power to direct Plaintiff how to communicate with her (or even that Trujillo's email could be reasonably construed as an instruction to never email her regarding any matter).

More importantly, nothing in the summary judgment record creates a fact issue that the hostility Plaintiff experienced was race-based. "A wide range of behaviors can make a workplace uncivil, but [] plaintiffs must show as one of the factors for their Title VII claim that the events were based on race." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 652 (5th Cir. 2012) (affirming district court's rejection of summary judgment evidence which reflected hostility but did not reflect any race-based actions).

Plaintiff has also argued that her co-worker Sonja Henderson witnessed animosity directed at African-Americans and considered the conduct to be hostile. Plaintiff cites to pages 103, 105-106 and 119 of her summary judgment Appendix in support of this claim. *See* Dkt. 80-1 at 15. The record cited does not support Plaintiff's claims. Pages 105-106 of her Appendix are pages of Plaintiff's performance evaluation and do not address anything witnessed by Henderson. *See* Dkt. 80-2 at 6-7. Page 103 of the Appendix does not address the observations of Henderson, nor does Page 119. *See* Dkt. 80-2 at 4 and 20. Again, Plaintiff has failed to sustain her summary judgment burden in properly citing to evidence in the record. *Stults*, 76 F.3d at 655; E.D. TEX. LOCAL R. CV-

56(d).

Nonetheless, and although it is not this Court's burden to scour the record, the Court has reviewed the summary judgment record to determine whether a fact issue is before the Court regarding the objective nature of Plaintiff's working environment. Pages 102, 122, 124 of the Appendix do reference Henderson's and other's perceptions of the alleged racial animosity at Dowell Middle School. *See* Dkt. 80-2 at 3, 23, and 25. The record also contains two written statements signed by Henderson claiming that Trujillo demonstrated racial hostility in her presence. *See* Dkt 80-2 at 5 & 35. This evidence is not enough to save Plaintiff's claims.

Although (contrary to Defendant's summary judgment argument) a court can consider evidence of discrimination experienced by others as relevant to whether there was a hostile work environment, what must be proven by any relevant evidence is that "the conditions of the victim's employment" have been altered by the harassment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 653 (5th Cir. 2012)

According to Plaintiff's purported evidence, Henderson observed Trujillo making racial comments and gestures about Plaintiff and other African Americans, including statements that "she doesn't like black people and has never gotten along with black people." Dkt. 80-2 at 23. Plaintiff's evidence also claims that Henderson and another employee, Debbie Lockhart, witnessed Trujillo pointing to black staplers, hole punchers, door frames and other objects when referring to African American individuals, once stating she "doesn't get along with 'them'" while doing so. Dkt. 80-2 at 23, 25.

Here, even assuming the summary judgment evidence regarding Henderson's observations and experiences were competent summary judgment evidence (it is contained primarily in her declaration and MISD grievance form), it does little in creating a fact issue as to the severity and pervasive nature of the purported harassment. Even if Trujillo touched black objects in reference to Plaintiff's race, none of her alleged actions – although certainly offensive if true – threatened physical harm or unreasonably interfered with Plaintiff's work. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012).

Plaintiff's summary judgment evidence – even after the Court's review of it *in its entirety* and even after disregarding its many deficiencies under the Federal Rules of Evidence – fails to create a fact issue as to the whether Plaintiff was subjected to unwelcome harassment, whether the harassment was based on race, and whether the harassment was sufficiently severe or pervasive so as to affect a term, condition, or privilege of her employment. Summary judgment for Defendant is proper for this reason alone.

Finally, the Court notes that Plaintiff has not created a fact issue as to the final element of her claim – that MISD knew or should have known of the harassment in question and failed to take prompt remedial action.

Defendant offers summary judgment evidence that it responded to her Level 1 grievance by reviewing the documentation she presented, by interviewing various individuals, including Trujillo, and by sending her a letter granting her relief including the following: ensuring that the District's discrimination and harassment policies for employees and students were upheld; noting that any issues made known to campus administration would be addressed; and stating that the District would

ensure that both she and Trujillo would adhere to a February 25, 2013 mediation agreement. Dkt. 50-1 at 17-18. When Plaintiff appealed these findings, the District responded to her Level II grievance with a meeting and a letter upholding the findings of the Level I grievance. Dkt. 50-1 at 20-21. That letter provided that if Plaintiff was "not satisfied with [the] findings, [Plaintiff] may file a written Level Three appeal of the decision to the McKinney ISD Board of Trustees ("Board")." Dkt. 50-1 at 20. The record contains no evidence to show that Plaintiff appealed her Level II Grievance to the Board; nor has Plaintiff alleged that she made any such appeal to the Board.

The Court agrees with Defendant that there is nothing in the record to show that MISD's Board knew or should have known of the alleged harassment and failed to take prompt action, and Plaintiff has failed to show how the summary judgment evidence creates a fact issue as to this final element of her hostile work environment claim.

### RECOMMENDATION

For these reasons, the Court recommends that MISD's Motion for Summary Judgment (Dkt. 50) be GRANTED, that Plaintiff take nothing by her remaining claims here, that Defendant be awarded its costs, and that this matter be closed on the Court's docket.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall

bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of April, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE