# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RAYSHANA ADAMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14CV762 |
| | § | Judge Mazzant/Judge Bush |
| MCKINNEY INDEPENDENT | § | |
| SCHOOL DISTRICT and | § | |
| LILIANA TRUJILLO | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND
ORDER DENYING MOTION FOR LEAVE TO FILE
SUPPLEMENTAL SUMMARY JUDGMENT EVIDENCE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

On April 13, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that MISD's Motion for Summary Judgment (Dkt. #50) be GRANTED, that Plaintiff take nothing by her remaining claims here,[1] that Defendant be awarded its costs, and that this matter be closed on the Court's docket.

---

[1] The Court previously dismissed Plaintiff's claims of racial discrimination/racial harassment in violation of Tex. Lab. Code 21.051, 21.55 and retaliation, as well as Plaintiff's claim for exemplary damages against MISD. *See* Dkt. #91. The Court also dismissed all of Plaintiff's claims against co-Defendant Liliana Trujillo. *See* Dkt. #92.

On April 28, 2016, Plaintiff filed objections to the Magistrate Judge's report (*see* Dkt. #97), and Defendant MISD filed its response to those objections on May 5, 2016 (*see* Dkt. #100). On May 2, 2016, Plaintiff also filed a Motion for Leave to File Corrected Appendix in Opposition to Defendants' Motion for Summary Judgment (Dkt. #98), and on May 10, 2016, Defendant filed a response in opposition (*see* Dkt. #101).

The Court has made a *de novo* review of the objections raised by Plaintiff and Defendant's response and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

In her objections, Plaintiff objects to the Magistrate Judge's findings that: (1) Plaintiff failed to meet her *prima facie* case of discrimination of a hostile work environment; (2) the harassment of Plaintiff was not based on race; (3) the harassment of Plaintiff was not sufficiently severe or pervasive so as to affect a term, condition, or privilege of employment; and (4) the employer took prompt remedial action. Dkt. #97 at 2-3. Plaintiff's objections, which are less than three pages long, provide no further arguments or explanation to show why this Court should not adopt the findings made by the Magistrate Judge. The Court finds that they are not adequately briefed or supported by authority and do not sufficiently state the basis for Plaintiff's objections. For this reason alone, the Court is not persuaded by Plaintiff's objections. *See* FED. R. CIV. P. 72(b)(2) (objections to the magistrate judge's recommended disposition must be specific). More importantly, the Court finds that each of the findings to which Plaintiff objects is clearly supported by the record as detailed in the Magistrate Judge's report.

To prove a claim of hostile work environment, a plaintiff must show that she: "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment was sufficiently severe or pervasive so as to affect a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Gudger v. CITGO Petroleum Corp.*, 574 F. App'x 493, 497 (5th Cir. 2014) (citing *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78, 118 S. Ct. 998, 140 L.Ed.2d 201 (1998)). "[A] regular pattern of frequent verbal ridicule or insults sustained over time can constitute severe or pervasive harassment sufficient to violate Title VII." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 400 (5th Cir. 2007). As discussed by the Magistrate Judge, the complained of conduct must be both objectively and subjectively offensive. *Id.* at 399.

The Court has reviewed the report in its entirety. The Magistrate Judge analyzed the summary judgment record, as cited by the parties, as to each of these elements. The Magistrate Judge also discussed the parties' respective burdens on summary judgment and correctly noted that Plaintiff, as the non-movant, is required to designate specific facts in the record, by making specific citations to the summary judgment record, to show that there is a genuine issue for trial. *See* E.D. TEX. L.R. CV-56(b); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Without any specific argument from Plaintiff, the Court cannot evaluate the grounds for Plaintiff's objections to the Magistrate Judge's recommendations further. The summary judgment record supports the Magistrate Judge's thorough findings, and Plaintiff's objections are therefore without merit.

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff's affidavit was not proper summary judgment evidence. Plaintiff argues that: "It is clear that there was one- page missing from Plaintiff's Affidavit, which happened to be the verified page of the affidavit. That was an error, not intentional disregard. In the interest of justice [sic]." Dkt. #97 at 3. Plaintiff notes that she is seeking leave to add that one page to the record to complete her summary judgment affidavit and filed a separate motion seeking leave, to which Defendant responded.

In her motion for leave, as she does in her objections, Plaintiff argues that she inadvertently excluded the last page of Plaintiff's affidavit from her summary judgment evidence (*see* Dkt. #98). She seeks leave to file a corrected appendix. Plaintiff fails, however, to include a copy of the corrected appendix (or missing page) in the record, either by attaching it to the motion or by filing it as a separate document in accordance with this Court's local rules. *See* E.D. TEX. L. R. CV-7(k) ("With the exception of motions to exceed page limitations, motions for leave to file a document must be accompanied by the document sought to be filed. The motion and the document should be filed separately."). Such was pointed out by Defendant in response to Plaintiff's motion for leave, and no effort has been made by Plaintiff since to supplement the record to include the missing page she seeks to include in the record. *See* Dkt. #101 at 4 ("the missing page is still not before the Court.").

Further, as noted both by Defendant in response to the motion for leave and by the Magistrate Judge's in his report, the fact that a page was missing was raised by Defendant in its summary judgment reply and Plaintiff did not respond or seek leave to supplement the record prior to the

4

Magistrate Judge's recommendation that summary judgment be granted.

Plaintiff's Motion for Leave to File Corrected Appendix in Opposition to Defendants' Motion for Summary Judgment (**Dkt. #98**) is therefore **DENIED**. Not only is Plaintiff's motion untimely given the arguments raised by Defendant in its reply brief filed on March 3, 2016 regarding the page missing from the summary judgment record (*see* Dkt. #85 at ¶1.1), Plaintiff has not even timely responded to Defendant's most recent argument in response to her motion for leave. The missing page has never been made a part of the record. The Court will not now grant Plaintiff leave to supplement the record – almost four months after the deficiency was first identified. It is simply too late.

In any event, although the Court does not have the missing page before it, Plaintiff has not shown – and the Court cannot see based on the Magistrate Judge's detailed findings, including a consideration of the unverified and incomplete affidavit – how it would create a fact issue sufficient to save her hostile work environment claim. Such is her burden in summary judgment proceedings. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Plaintiff's objections regarding the Magistrate Judge's findings about her incomplete affidavit are overruled.

Having reviewed the record herein and finding that Plaintiff's objections are wholly without merit, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

Therefore, MISD's Motion for Summary Judgment (**Dkt. #50**) is **GRANTED**, Plaintiff shall take nothing by her remaining claims here, Defendant shall be awarded its costs, and this matter shall be closed on the Court's docket.

**IT IS SO ORDERED.**

**SIGNED this 6th day of July, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE